UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
 DIVISION

JEFFREY FILLMAN AND ASHLEY TILLMAN,

   Plaintiffs,

vs.

FIRST COMMUNITY INSURANCE COMPANY, ENRIQUE DIAZ, AND ALLIED AMERICAN ADJUSTING COMPANY OF FLORIDA, LLC,

   Defendants.

_____/

CASE NO.: 6:23-cv-02219

## COMPLAINT FOR DAMAGES

COME NOW, the Plaintiffs, Jeffrey Fillman and Ashely Tillman ("Plaintiffs"), by and through undersigned counsel, who sue the Defendants, First Community Insurance Company (the "Insurer"), Enrique Diaz ("Diaz") and Allied American Adjusting Company of Florida, LLC ("Allied American") ( jointly, "Defendants"), alleging as follows:

### Preliminary Statement

1. As it relates to the Insurer, Plaintiffs' Complaint is for breach of an insurance policy arising out of a claim for flood damages sustained to Plaintiffs' property as a result of flooding on or about September 29, 2022.

2. As it relates to Diaz, Plaintiffs' Complaint sounds in negligence.

3. Given the relationship between the Defendants, Plaintiffs further allege the Insurer and Allied American are vicariously liable for Diaz's negligent acts/omissions.

4. Despite the fact that Plaintiffs timely paid all premiums charged by the Insurer for the subject insurance policy, the Insurer failed to fully indemnify the Plaintiffs for its covered losses.

5. Plaintiffs seek damages against the Insurer due to the Defendant's unreasonable and unfounded failure to pay for all losses covered by the insurance policy issued to the Plaintiffs.

6. Plaintiffs further seek damages against Defendants arising out Diaz's negligence.

## Jurisdiction and Venue

7. Jurisdiction over this dispute is exclusive to this Court pursuant to 42 U.S.C. §4053. Jurisdiction is also appropriate in this action pursuant to 29 U.S.C. §1331 and 29 U.S.C. §1367.

8. Venue is proper in this Court pursuant to 42 U.S.C. §4053 and 29 U.S.C. §1391, as the Judicial District in which the insured property is located.

## The Parties

9. The Plaintiffs are individuals residing in Volusia County, Florida.

10. At all material times, the Plaintiffs were the owners of a building and contents located at 1413 Edgewater Road, Daytona Beach, FL 32114.

11. The Insurer was and is a duly organized private insurance company and/or an association of insurance companies, licensed and duly authorized to conduct business in the State of Florida, and otherwise availing itself of the rights, remedies and jurisdiction of the State of Florida.

12. The Insurer, a Florida for profit corporation, was and is authorized to issue standard flood insurance policies to property owners in the State of Florida under the National Florida Insurance Program (NFIP) administered by the Federal Emergency Management Agency (FEMA).

13. Diaz is an individual residing in the State of Florida.

14. Allied American is a Florida limited liability company engaged in the business of adjusting flood insurance claims.

## Operative Facts

15. Prior to September 29, 2022, the Insurer, for good and valuable consideration, issued a standard flood insurance policy to the Plaintiffs, bearing policy number 6820082324 insuring against risk of loss to Plaintiffs' home and contents.

16. As of September 29, 2022, the Plaintiffs had timely paid all premiums due on the insurance policy and the policy was in full force and effect at all times material to this action.

17. On or about September 29, 2022, the Plaintiffs suffered losses and damages as a result of flooding, a peril covered under the subject insurance policy.

18. Plaintiffs provided timely and sufficient notice to the Insurer of the losses, damages and claims being asserted.

19. The Insurer acknowledged the claim and has had sufficient opportunity to investigate, appraise and adjust the loss.

20. At all times material hereto, Diaz was a Florida licensed adjuster contracted/subcontracted by the Insurer and/or Allied American to provide adjusting services in connection with flood claims, including the Plaintiffs' claim.

21. At all times material hereto, Insurer contracted Allied American to adjust the Plaintiffs' flood insurance claim. In turn, Allied American contracted Diaz to act as its authorized agent/representative.

22. At all times material hereto, Diaz adjusted the Plaintiffs' claim for damages on behalf of the Insurer and/or Allied American.

23. At all times material hereto, Diaz acted as the authorized agent and representative of the Insurer and Allied American.

24. Plaintiffs have otherwise complied with and satisfied all conditions precedent and obligations under the policy.

### Count I – Breach of the Insurance Policy Against the Insurer

25. The Plaintiffs reaffirm and reallege the allegations contained in paragraphs 1 through 24 above, and further allege:

26. The damages and losses sustained by the Plaintiffs on or about September 29, 2022, were covered under the insurance policy issued by the Insurer and no exclusions or policy conditions exist to bar coverage.

27. Although the Plaintiffs have satisfied all obligations and conditions under the policy, the Insurer failed to fully indemnify the Plaintiffs for the full value of the losses sustained and in accordance with the policy of insurance.

28. The Insurer's failure to fully indemnify the Plaintiffs for all covered losses sustained represents a material breach of the insurance policy.

29. As a direct result of the Insurer's breach, the Plaintiffs have and continue to suffer damages.

WHEREFORE, the Plaintiffs respectfully demand entry of a judgment in their favor and against the Defendant, First Community Insurance Company, for all proceeds due under the subject insurance policy as to be determined at trial, together with pre and post judgment interest and costs as allowable by law, and for such other and further relief as this Court deems just and proper.

### Count II – Negligence Against Diaz

30. The Plaintiffs reaffirm and reallege the allegations contained in paragraphs 1 through 24 above, and further allege:

31. Upon information and belief, Diaz holds the requisite certification to adjust NFIP claims.

32. Upon information and belief, Diaz has worked as an insurance adjuster since about 1988.

33. At all times material hereto, Diaz was assigned, or otherwise contracted, by the Insurer and/or Allied American to adjust the Plaintiffs' flood insurance claim.

34. As part of adjusting the claim, Diaz performed an in-person inspection of the Plaintiffs' home and contents.

35. During his inspection, Diaz represented to and/or instructed the Plaintiffs that they should not do anything whatsoever in terms of repairs and/or mitigating damages because Diaz wanted to assign an engineer to further evaluate Plaintiffs' damages.

36. Plaintiffs, unfamiliar with flood insurance claims and trusting the Insurer's own adjuster, reasonably relied on Diaz's remarks and did not undertake any efforts to commence making repairs and/or mitigating damages.

37. Unfortunately, Plaintiffs' reasonable reliance on Diaz's representations/instructions resulted in the exacerbation of damages to Plaintiffs' home and contents that the Insurer did not acknowledge coverage for.

38. Ultimately, an engineer was never even assigned to help Diaz evaluate and investigate the loss.

39. At all times material hereto, Diaz had a duty of care, or obligation, to advise policyholders, including the Plaintiffs, of the obligation to mitigate damages and protect property from further damage.

40. At all times material hereto, Diaz had a duty of care, or obligation, to not advise policyholders, including the Plaintiffs, to refrain from undertaking action to mitigate damages as it would result in the exacerbation of damages.

41. Diaz breached these duties of care, or obligations, by representing to and/or instructing the Plaintiffs that they should not do anything whatsoever in terms of repairs and/or mitigating damages.

42. As a direct and proximate result of Diaz's breaches of these duties of care or obligations, Plaintiffs suffered damages.

WHEREFORE, the Plaintiffs respectfully demand entry of a judgment in their favor and against the Defendant, Enrique Diaz, for damages as to be determined at trial, together with pre and post judgment interest and costs as allowable by law, and for such other and further relief as this Court deems just and proper.

## Count III – Promissory Estoppel Against the Insurer

43. The Plaintiffs reaffirm and reallege the allegations contained in paragraphs 1 through 24 above, and further allege:

44. At all times material hereto, Diaz was the Insurer's authorized agent and representative.

45. Diaz represented and/or instructed the Plaintiffs that they should not do anything whatsoever in terms of repairs and/or mitigating damages because Diaz wanted to assign an engineer to further evaluate Plaintiffs' damages.

46. Plaintiffs reasonably relied on Diaz's instructions.

47. Pursuant to Diaz's instructions, Plaintiffs did not undertake any repairs or remedial efforts.

48. Despite Diaz's representations/instructions, the Insurer failed to acknowledge coverage for the damages suffered by Plaintiffs due to following Diaz's instructions.

49. Injustice can be avoided only if the Insurer is required to indemnify the Plaintiffs for all damages suffered due to following Diaz's instructions.

WHEREFORE, the Plaintiffs respectfully demand entry of a judgment in their favor and against the Defendant, First Community Insurance Company, for damages (including but not limited to proceeds due under the policy), as to be determined at trial, together with pre and post judgment interest and costs as allowable by law, and for such other and further relief as this Court deems just and proper.

### Count IV – Vicarious Liability Against Allied American

50. The Plaintiffs reaffirm and reallege the allegations contained in paragraphs 1 through 42 above, and further allege:

51. At all times material hereto, Diaz was adjusting the subject claim on behalf of Allied American, with the knowledge and consent of Allied American and/or those acting on its behalf, and any negligence by Diaz is imputed onto Allied American because the negligence occurred while: (i) part of a for-profit purpose between the Defendants and/or those acting on behalf of Allied American; (ii) in the course and scope of agency, whether actual or apparent, between the Defendants and/or those acting on behalf of Allied American; (iii) while in the course and scope of partnership between the Defendants and/or those acting on behalf of Allied American; (iv) while in the course and scope of employment with Allied American and/or those acting on its behalf; (v) for the financial benefit of Allied American, whether directly or indirectly; (vi) at the direction of Allied American and/or those acting on its behalf, whether directly or indirectly; (vii) on behalf of Allied American and/or those acting on its behalf, whether directly or indirectly; (viii)

part of a business endeavor between the Defendants and/or those acting on behalf of Allied American; (ix) part of a joint venture between the Defendants and/or those acting on behalf of Allied American; and/or (x) part of an on-going business relationship between the Defendants and/or those acting on behalf of Allied American.

52. As a direct and proximate result of Diaz's negligence as alleged in this Complaint, the Plaintiffs were caused to suffer damages, which is imputed onto Allied American under Florida law.

53. Allied American is therefore vicariously liable for Diaz's negligence as alleged herein.

WHEREFORE, the Plaintiffs respectfully demand entry of a judgment in their favor and against the Defendant, Allied American Adjusting Company of Florida, LLC, for damages as to be determined at trial, together with pre and post judgment interest and costs as allowable by law, and for such other and further relief as this Court deems just and proper.

## Count V – Vicarious Liability Against the Insurer

54. The Plaintiffs reaffirm and reallege the allegations contained in paragraphs 1 through 42 above, and further allege:

55. At all times material hereto, Diaz was adjusting the subject claim on behalf of the Insurer, with the knowledge and consent of the Insurer and/or those acting on its behalf, and any negligence by Diaz is imputed onto the Insurer because the negligence occurred while: (i) part of a for-profit purpose between the Defendants and/or those acting on behalf of the Insurer; (ii) in the course and scope of agency, whether actual or apparent, between the Defendants and/or those acting on behalf of the Insurer; (iii) while in the course and scope of partnership between the Defendants and/or those acting on behalf of the Insurer; (iv) while in the course and scope of

employment with the Insurer and/or those acting on its behalf; (v) for the financial benefit of the Insurer, whether directly or indirectly; (vi) at the direction of the Insurer and/or those acting on its behalf, whether directly or indirectly; (vii) on behalf of the Insurer and/or those acting on its behalf, whether directly or indirectly; (viii) part of a business endeavor between the Defendants and/or those acting on behalf of the Insurer; (ix) part of a joint venture between the Defendants and/or those acting on behalf of the Insurer; and/or (x) part of an on-going business relationship between the Defendants and/or those acting on behalf of the Insurer.

56. As a direct and proximate result of Diaz's negligence as alleged in this Complaint, the Plaintiffs were caused to suffer damages, which is imputed onto the Insurer under Florida law.

57. The Insurer is therefore vicariously liable for Diaz's negligence as alleged herein.

WHEREFORE, the Plaintiffs respectfully demand entry of a judgment in their favor and against the Defendant, First Community Insurance Company, for damages as to be determined at trial, together with pre and post judgment interest and costs as allowable by law, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 17th day of November, 2023.

                            **GMS LAW, PLLC**
                            *Counsel for Plaintiffs*
                            1930 Harrison Street, Suite 102
                            Hollywood, FL 33020
                            Telephone:   (954) 477-8385
                            Fax:               (954) 866-0878
                            Email: gms@gmslawyer.com

By: _____
                            Gabriel M. de las Salas, Esq.
                            Florida Bar No. 85691